IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:97cr162
CRIMINAL CASE NO. 3:97CR264
CRIMINAL CASE NO. 3:97CR290

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL ANTOINE JEFFERIES. ) | |

**THIS MATTER** is before the Court on reassignment.

At the time of reassignment, there were pending in each of the above cases two motions seeking a reduction in sentence pursuant to Federal Rule of Criminal Procedure 35. [Docs. 18 & 19 in Case No. 3:97cr162; Docs. 35 & 36 in Case No. 3:97cr264; Docs. 303 & 304 in Case No. 3:97cr290].

On July 15, 1999, the Defendant was sentenced to a total of 212 months imprisonment by Judgment of Conviction entered simultaneously in the cases as follows:

1

1. Criminal Case No. 3:97cr162: 152 months imprisonment on Count 1, conspiracy to possess with intent to distribute cocaine. [Doc. 16].

2. Criminal Case No. 3:97cr264: 152 months imprisonment on Count 1, conspiracy to possess with intent to distribute cocaine, to run concurrently with Count 1 in Case No. 3:97cr162; 60 months imprisonment on Count 2, conspiracy to possess with intent to distribute cocaine while on pre-trial release, to run consecutively with Count 1 in this case and Count 1 in Case No. 3:97cr162. [Doc. 18].

3. Criminal Case No. 3:97cr290: 152 months imprisonment on Count 1, conspiracy to possess with intent to distribute and distribution of cocaine, to run concurrently with Count 1 in Case No. 3:97cr162 and with Count 1 in Case No. 3:97cr264; and 152 months imprisonment on Count 2, conspiracy to import cocaine into the United States, to run concurrently with Count 1 in this case and with Count 1 in Case No. 3:97cr162 and with Count 1 in Case No. 3:97cr264. [Doc. 248].

The Defendant's concurrent sentences were the result of a motion by the United States for a downward departure pursuant to U.S.S.G. §5K1.1 based on his substantial assistance. The Defendant did not take a direct appeal in any of the three cases.

On June 17, 2002, the Defendant moved for an order compelling the United States to file a motion for a reduction in sentence based on assistance rendered after sentencing. [Case No. 3:97cr264, Doc. 22; Case No. 3:97cr290, Doc. 274]. That motion was denied and the Defendant's motion for reconsideration was also denied. [Case No. 3:97cr264, Docs. 28 & 30; Case No. 3:97cr290, Docs. 282 & 285]. The Defendant's appeal from those rulings was dismissed by the United States Fourth Circuit Court of Appeals. United States v. Jefferies, 73 Fed.Appx. 598 (4th Cir. 2003).

In the pending motions, the Defendant again moves for a reduction in sentence based on substantial assistance rendered after sentencing. The Defendant acknowledges that the purported information provided in April 2006 had been known to him since 1996 and that he had been submitting it to the Government since 1999. Indeed, documents filed with the motion show that he, in fact, did so. That, however, is insufficient to meet the Defendant's burden at this point. Since the Court has already disposed of the issues presented in these motions, the previous ruling is the law of the case. It binds the Court at this stage. The Defendant has not even shown that the previous rulings of the Court are in any way incorrect. [Case No. 3:97cr264, Docs. 28 & 30; Case No. 3:97cr290, Docs. 282 & 285]. Nor

has the Defendant presented anything to show that the Government's failure to move pursuant to Rule 35(b) was in any manner inappropriate. See, *e.g.*, United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001) (district court has no authority to compel government to make such a motion unless failure resulted from unconstitutional motive or was not rationally related to legitimate government goal); United States v. White, 280 Fed.Appx. 317 (4th Cir. 2008). In short, the Defendant has given the Court nothing on which the Court could grant his motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Modify Sentence Pursuant to Rule 5(b) Plea Agreement and his Motion to Amend Under 18 U.S.C. §35(b), Pursuant to Spriggs v. United States, [Docs. 18 & 19 in Case No. 3:97cr162; Docs. 35 & 36 in Case No. 3:97cr264; Docs. 303 & 304 in Case No. 3:97cr290], are hereby **DENIED**.

Martin Reidinger
United States District Judge

Signed: January 21, 2009